## SHIP CANAL AUTHORITY, et al v. COUNTY COMMISSIONERS, et al.

Circuit Court, Marion County.

November 11, 1955.

Green & Bryant, Ocala, for plaintiffs.

Virgil L. Milbraith, Ocala, for defendants.

T. G. FUTCH, Circuit Judge.

The plaintiffs filed their complaint seeking an injunction against the board of county commissioners of Marion County and the other named defendants to prohibit the assessment and collection of taxes against certain property in Marion County.

The plaintiff Ship Canal Authority was created as a body corporate by chapter 16176, Laws of Florida, Acts of 1933, section 13 of which reads as follows—"Agreeable to section 16 of article XVI of the constitution of the state of Florida, all property of the corporation shall be exempt from taxation."

Section 16 of article XVI of the constitution, to which reference is made in the foregoing quotation, follows—"The property of all corporations, except the property of a corporation which shall construct a ship or barge canal across the peninsula of Florida, if the

Legislature should so enact, whether heretofore or hereafter incorporated, shall be subject to taxation unless such property be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes."

Attention is directed to the fact that the constitution uses the phrase "shall construct" a canal.

This provision in the constitution adopted in 1885 seems to be peculiar to the constitution of this state. I have done a great deal of research and have been unable to find the use of such an expression in any constitution of any of the states or of the United States.

The framers of our present constitution were at the time well aware of the effect of granting tax exemptions to corporations in the hope of obtaining internal improvements. Tax exemptions had been granted to a number of corporations on promises that railroads would be built—but the railroads were never finished and the property acquired by the corporations stood exempt.

The framers of the constitution meant to provide that no such situation should ever arise thereunder. It is clear to me that the so-called Ship Canal Authority of the state of Florida has never been entitled to any exemption from taxation. The wording of the constitution above quoted clearly means that the exemption would be earned by the construction of a ship or barge canal across the peninsula of Florida. No such canal has been constructed—and therefore no exemption from taxation has been earned by the corporation under the above quoted section of the constitution.

However, the constitutional meaning is not necessarily involved in this case because the pleadings show that the Ship Canal Authority, one of the plaintiffs herein, has entered into a contract to dispose of the property here involved and has put the purchaser in possession, leaving the corporation with a bare, naked, legal title while the equitable and profitable title is vested in Cowart Investment Co., the other plaintiff herein. This shows conclusively that the property involved is in no way a necessary possession of the authority, that it has no further use for it, and that it is not necessary for its operation. The property, therefore, is removed from the classification of property which in any sense of the word should be exempt from taxation. To all intents and purposes its ownership, use, management and control has passed from the authority and if the property were at any time subject to exemption from taxes that situation no longer exists. It would be manifestly unfair to all the taxpayers of Marion County to relieve this property from

the burden of taxation when it is in direct competition with other rental properties in the county.

For the reasons above stated the complaint will be dismissed on motion of the defendants without leave to amend, and order will be entered accordingly.